

FILED

FEB 08 2019

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* PATRICK LUPINETT' STATE OF CALIFORNIA *ex rel.* PATRICK LUPINETTI, STATE OF COLORADO *ex rel.* PATRICK LUPINETTI, STATE OF CONNECTICUT *ex rel.* PATRICK LUPINETTI, STATE OF DELAWARE *ex rel.* PATRICK LUPINETTI, DISTRICT OF COLUMBIA *ex rel.* PATRICK LUPINETTI, STATE OF FLORIDA *ex rel.* PATRICK LUPINETTI, STATE OF GEORGIA *ex rel.* PATRICK LUPINETTI, STATE OF HAWAII *ex rel.* PATRICK LUPINETTI, STATE OF ILLINOIS *ex rel.* PATRICK LUPINETTI, STATE OF INDIANA *ex rel.* PATRICK LUPINETTI, STATE OF IOWA *ex rel.* PATRICK LUPINETTI, STATE OF LOUISIANA *ex rel.* PATRICK LUPINETTI, STATE OF MARYLAND *ex rel.* PATRICK LUPINETTI, COMMONWEALTH OF MASSACHUSETTS    *ex rel.* PATRICK LUPINETTI, STATE OF MICHIGAN *ex rel.* PATRICK LUPINETTI, STATE OF MINNESOTA *ex rel.* PATRICK LUPINETTI, STATE OF MONTANA *ex rel.* PATRICK LUPINETTI, STATE OF NEVADA *ex rel.* PATRICK LUPINETTI, STATE OF NEW JERSEY *ex rel.* PATRICK LUPINETTI, STATE OF NEW MEXICO *ex rel.* PATRICK LUPINETTI, STATE OF NEW YORK *ex rel.* PATRICK LUPINETTI, STATE OF NORTH CAROLINA *ex rel.* PATRICK LUPINETTI, STATE OF OKLAHOMA *ex rel.* PATRICK LUPINETTI, STATE OF RHODE ISLAND *ex rel.* PATRICK LUPINETTI, STATE OF TENNESSEE *ex rel.* PATRICK LUPINETTI, STATE OF TEXAS *ex rel.* PATRICK LUPINETTI, STATE OF VERMONT *ex rel.* PATRICK LUPINETTI, COMMONWEALTH OF VIRGINIA    *ex rel.* PATRICK LUPINETTI, STATE OF WASHINTON *ex rel.* PATRICK LUPINETTI, STATE OF WISCONSIN *ex rel.* PATRICK LUPINETTI, and PATRICK LUPINETTI, individually, <br><br>                 Plaintiffs, <br><br>      v. <br><br> EXELTIS USA, INC., AVION PHARMACEUTICALS, LLC, MISSION PHARMACAL COMPANY, TRIGEN LABORATORIES, INC., SANCILIO & COMPANY, INC., SETON PHARMACEUTICALS, LLC, U.S. PHARMACEUTICAL CORPORATION, VIRTUS PHARMACEUTICALS, LLC, VERTICAL PHARMACEUTICALS. LLC, and WOMEN'S CHOICE PHARMACEUTICALS LLC <br><br>                 Defendants. | **1:19-cv-00825** <br> **Judge Ruben Castillo** <br> **Magistrate Judge Sunil R. Harjani** <br><br><br> CHIEF JUDGE CASTILLO <br><br><br> FILED UNDER SEAL <br><br> JURY TRIAL DEMANDED <br><br><br> FALSE CLAIMS ACT <br><br> COMPLAINT |

## FALSE CLAIMS ACT COMPLAINT

The United States of America *ex rel.* Patrick Lupinetti ("Relator"), the States of California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Illinois, Indiana, Iowa, Louisiana, Maryland, Michigan, Minnesota, Montana, Nevada, New Jersey, New Mexico, New York, North Carolina, Oklahoma, Rhode Island, Tennessee, Texas, Vermont, Washington, and Wisconsin, *ex rel.* Patrick Lupinetti, the Commonwealths of Massachusetts and Virginia, *ex rel.* Patrick Lupinetti, and the District of Columbia *ex rel.* Patrick Lupinetti, (collectively, the "Plaintiff States") and Patrick Lupinetti individually (collectively, "Plaintiffs") state as follows for their complaint against Exeltis USA, Inc., Avion Pharmaceuticals, LLC, Mission Pharmacal Company, Trigen Laboratories, Inc., Sancilio & Company, Inc., Seton Pharmaceuticals, LLC, U.S. Pharmaceutical Corporation, Virtus Pharmaceuticals, LLC, Vertical Pharmaceuticals, LLC, and Women's Choice Pharmaceuticals LLC (collectively, "Defendants"):

### INTRODUCTION

1.      State and federal false claims acts ("False Claims Acts") provide the government with its primary means of recovery from frauds against the public fisc. "*Qui tam*" provisions encourage private citizens with information about fraud (known as "relators"), like Mr. Lupinetti, to sue on the government's behalf.

2.      Relator Lupinetti has decades of experience identifying and combatting healthcare fraud. He was employed as an Assistant Attorney General in the New York Medicaid Fraud Control Unit from 1986 through 2008, the last eleven years of which he served as the Director of its Special Projects Division. In 2008, Relator Lupinetti was hired by First Data Bank, Inc. ("FDB"), which publishes a comprehensive database of descriptive and clinical drug information.

2

Relator Lupinetti is currently a Senior Vice President with responsibility for regulatory and compliance reviews at FDB.

3.　　While at FDB, Relator discovered that the Defendants—who are all manufacturers of prenatal multivitamins—blatantly mislabeled, and continue to mislabel, their products as prescription products, "Rx" or "Rx Only." In fact, Defendants' multivitamins are dietary supplements—not prescription drugs. They are not regulated as prescription drugs, they are not tested as prescription drugs, and they are not approved by the Food and Drug Administration ("FDA") as prescription drugs.

4.　　As described below, FDA regulations strictly control what drug products can legally bear "Rx Only" markings. Dietary supplements, including Defendants' multivitamins, cannot legally bear an "Rx Only" marking.

5.　　The reason for Defendants' misrepresentation is to guarantee eligibility for Medicaid reimbursement. Federal law requires state Medicaid programs to cover prenatal vitamins when they are prescribed by a healthcare provider, but states are allowed to exclude, or limit coverage, for over-the-counter prenatal vitamins. *See infra* 42 U.S.C. 1396r–8(d)(2).

6.　　Further, this false prescription status causes the government to pay out substantially higher reimbursement for Defendants' products compared to other prenatal vitamins that are not labeled "Rx Only." For example, the government pays over *fifty times more* for Avion Pharmaceutical's Prenate Mini than for low cost, over-the-counter ("OTC") multivitamins.

7.　　This False Claims Act ("FCA") action seeks to hold Defendants liable for making knowingly false statements and material omissions about their products that cause government healthcare programs to pay artificially inflated rates for their "prescription" prenatal vitamins.

3

## JURISDICTION AND VENUE

8.      On behalf of the United States and the Plaintiff States (collectively, the "government"), Plaintiff-Relator Patrick Lupinetti ("Relator") seeks to recover treble damages and civil penalties against Defendants arising from false claims and false statements made, used, or caused to be made by Defendants to the government, as well as other violations of the federal False Claims Act, 31 U.S.C. § 3729 *et seq.*, and the false claims acts of the respective Plaintiff States.

9.      This Court has jurisdiction over the subject matter of this action arising under the laws of the United States pursuant to: (i) 31 U.S.C. § 3732, which specifically confers jurisdiction on this Court for actions brought pursuant to 31 U.S.C. § 3729 and 3730; (ii) 28 U.S.C. § 1331, which confers federal subject matter jurisdiction; and, (iii) 28 U.S.C. § 1345, because the United States is a Plaintiff.

10.      This Court has personal jurisdiction over the Defendants pursuant to 31 U.S.C. § 3732(a), because that section authorizes nationwide service of process and because Defendants have minimum contacts with the United States. Moreover, Defendants can be found in, reside, or transact or have transacted business in the Northern District of Illinois.

11.      Jurisdiction over the state law claims alleged herein is proper under 31 U.S.C. § 3732(b). This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

12.      This action is not based upon prior public disclosures of allegations or transactions in a criminal, civil, or administrative hearing, lawsuit or investigation, or in a Government Accounting Office or Auditor General's report, hearing, audit, or investigation, or from the news media. To the extent there has been a public disclosure, Relator is an original source under 31 U.S.C. § 3730(e)(4) and similar state statutes. The facts and information set

forth herein are based upon Relator's personal observation, investigation, and documents produced in this case. Relator has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the government before filing this *qui tam* action.

13. Relator has provided the Attorney General of the United States, the United States Attorney for the Northern District of Illinois, and the Attorneys General of the named Plaintiff States, a written disclosure of substantially all material evidence and information he possesses, in accordance with the provisions of 31 U.S.C. §3730(b)(2) and relevant state statutes.

14. Venue is proper in this District under 31 U.S.C. § 3732(a) and 28 U.S.C. § 1391.

### PARTIES

15. In 2008, Relator Lupinetti began working for First Data Bank, Inc. As a Senior Vice President, he is currently responsible for regulatory and compliance reviews at FDB. Prior to joining FDB, Relator Lupinetti served as the Head of Special Projects Division in the New York Medicaid Fraud Control Unit. He resides in San Francisco, CA.

16. Defendants are some of the largest manufacturers of prenatal multivitamins in the United States.

17. Defendant Exeltis USA, Inc. (formerly Everett Laboratories), is a New Jersey corporation with its principal place of business at 180 Park Ave., Suite 101, Florham Park, New Jersey 07932.

18. Defendant Avion Pharmaceuticals, LLC, is a Delaware corporation with its principal place of business at 1880 McFarland Parkway, Suite 110-B, Alpharetta, Georgia 30005.

19. Defendant Mission Pharmacal Company, is a Texas corporation with its principal place of business at 10999 IH-10 West, Suite 1000, San Antonio, Texas 78230.

20. Defendant Trigen Laboratories, Inc., is a New Jersey corporation with its principal place of business at 400 Crossing Boulevard, Bridgewater, New Jersey 08807.

21. Defendant Sancilio & Company, Inc., is a Delaware corporation with its principal place of business at 2129 N. Congress Ave., Riviera Beach, Florida 33404.

22. Defendant Seton Pharmaceuticals, LLC, is a New Jersey corporation with its principal place of business at Atlantic Corporate Center, 2317 Highway 34, Suite 1E, Manasquan, New Jersey 08736.

23. Defendant U.S. Pharmaceutical Corporation, is a Georgia corporation with its principal place of business at 2443 Park Central Boulevard, Decatur, Georgia 30035.

24. Defendant Virtus Pharmaceuticals, LLC, is a Delaware corporation with its principal place of business at 12 Penns Trail, Newtown, Pennsylvania 18940.

25. Defendant Vertical Pharmaceuticals, LLC, is a New Jersey corporation with its principal place of business at 400 Crossing Blvd. Bridgewater, New Jersey 08807.

26. Defendant Women's Choice Pharmaceuticals LLC, is a Nevada corporation with its principal place of business at 850 Cassatt Road, Suite 210, Berwyn, Pennsylvania 19312.

27. In 2017, the government paid more than $81 million for Defendants' prenatal vitamin products.

**2017 State Drug Utilization Database National Medicaid Reimbursements**

| Defendants | 2017 Medicaid Amount Reimbursed |
|---|---|
| Exeltis USA, Inc. | $35,451,276 |
| Mission Pharmacal Company | $13,781,296 |
| Avion Pharmaceuticals, LLC | $12,544,508 |
| Sancilio & Company, Inc. | $6,860,829 |
| Women's Choice Pharmaceuticals LLC | $4,575,745 |
| Virtus Pharmaceuticals, LLC | $3,601,593 |
| Vertical Pharmaceuticals, LLC | $1,523,199 |
| U.S. Pharmaceutical Corporation | $1,203,851 |

| Defendants | 2017 Medicaid Amount Reimbursed |
|---|---|
| Seton Pharmaceuticals, LLC | $1,135,939 |
| Trigen Laboratories, LLC | $959,229 |
| **Total** | **$81,637,466** |

## THE STATUTORY FRAMEWORK

### A. The Federal and State False Claims Acts

28. The Federal False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, has been the Government's primary fraud fighting tool since the Civil War era. It prohibits any person from knowingly making a false or fraudulent claim against the Government for property or money. The FCA is intended to reach all types of fraud, without qualification, that might result in financial loss to the Government. Among its provisions, the FCA mandates that any person who:

> (A) Knowingly presents or causes to be presented, a false or fraudulent claim for payment or approval;
>
> (B) Knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;
>
> . . . .
>
> is liable to the United States Government for a civil penalty of not less than $5,500 and not more than $11,000, [ . . . ] plus 3 times the amount of damages which the Government sustains because of the act of that person.

31 U.S.C. § 3729(a)(1).[1]

29. The FCA defines "knowingly" as actual knowledge, or deliberate ignorance or reckless disregard of the truth or falsity of the information; a specific intent to defraud is not required. 31 U.S.C. § 3729(b).

---

[1] The civil penalties are adjusted for inflation, and are currently not less than $10,957 and not more than $21,916. 82 Fed. Reg. 9131 (Feb. 3, 2017).

30.     The Plaintiff States have enacted false claims acts that substantially track the foregoing provisions of the federal FCA. Appendix A lists the Plaintiff States' False Claims Acts.

## B. The Medicare and Medicaid Programs

31.     Medicare is a federally funded health insurance program primarily for the benefit of those age 65 or older or those with certain physical conditions. Medicare was created in 1965 when Title XVIII of the Social Security Act was adopted. 42 U.S.C. § 1395. The Department of Health and Human Services ("HHS") is responsible for the administration and supervision of the Medicare program. The Centers for Medicare and Medicaid Services ("CMS") is an agency of HHS that directly administers the Medicare program.

32.     Medicaid is a public assistance program providing for payment of medical expenses primarily for the poor and disabled. 42 U.S.C. § 1396 *et seq.* Funding for Medicaid is shared between the federal government and state governments.

33.     Each state has a single state agency responsible for administering the Medicaid program. For example, the Illinois Medicaid program ("Medicaid") is administered by the Illinois Department of Healthcare and Family Services ("HFS").

34.     Under federal law, state Medicaid programs may exclude or limit coverage for most prescription vitamins; however, states must cover prenatal vitamins that are lawfully prescribed by a healthcare provider:

> The following drugs or classes of drugs, or their medical uses, may be excluded from coverage or otherwise restricted:
>
> ***
>
> (E) Prescription vitamins and mineral products, **except prenatal vitamins and fluoride preparations**.

42 U.S.C. § 1396r-8(d)(2)(E) (emphasis added).

8

35. Because the Defendants falsely claimed that their products were prescription only, they were guaranteed to be covered under every state's Medicaid program.

36. Medicare and Medicaid regulations also require that government funded healthcare services "be provided economically and only when, and to the extent, medically necessary." 42 U.S.C. § 1320c-5(a).

### DEFENDANTS' FRAUDULENT CONDUCT

37. Since at least 2012 and continuing to the present, Defendants have systematically misrepresented that their prenatal multivitamin products are prescription, "Rx" or "Rx Only."

38. In fact, Defendants' Products are neither approved nor regulated as prescription drugs. Prenatal vitamins are regulated by the FDA as dietary supplements and cannot factually or legally be described as a prescription only drug product.

39. Nonetheless, Defendants have: (1) improperly used the "Rx" or "Rx Only" marking on their products, websites, and other marketing material; (2) improperly used National Drug Codes (NDC) to make it appear as if their products are approved prescription products; and (3) misrepresented their products' prescription status to CMS and to various drug compendia databases (including FDB's database).

40. Because of these misrepresentations and their material relationship to government reimbursement, Defendants have violated the FCA.

### I.  Defendants False Use of "Rx" and "Rx Only" Violates the False Claims Act

41. Under FDA regulations, the use of "Rx" or "Rx Only" is limited to drugs that have been approved as prescription only by the FDA or that are not safe for use except under a physician's supervision. 21 USC § 353. A product that misuses or improperly applies the "Rx" symbol "shall be deemed to be misbranded." *Id.*

9

42.     Vitamins in general, including the prenatal vitamins at issue, are not approved as prescription drugs, nor are they even regulated as drugs. Prenatal vitamins are regulated as dietary supplements under the FDA's authority to regulate food. *See* 21 USC § 321(ff) (defining "dietary supplement").

43.     Because a prenatal vitamin is not a "drug" and certainly not approved by the FDA as a prescription drug, it cannot factually or legally bear the "Rx" or "Rx Only" symbol.

44.     The FDA has taken action against manufacturers that illegally use the "Rx" marking. For example, when a prescription drug called MiraLax switched from prescription only to over-the-counter ("OTC") status, the FDA ruled that generic manufacturers could not continue to label their MiraLax equivalent products as "Rx Only":

> Under the act, a drug to which the prescription provisions of the act do not apply (i.e., an OTC drug) shall be deemed to be misbranded if at any time prior to dispensing the label of the product bears the "Rx only" symbol. Because the PEG 3350 generic drug products are labeled as Rx only, they are misbranded and may not be legally marketed.

Docket No. FDA-2008-N-0549

45.     Defendants have similarly misbranded, and therefore illegally marketed their products by using "Rx," and "Rx Only" markings on their packaging labels, marketing materials, and websites.

46.     For example, the below marketing material is on Defendant Exeltis' website. It states: "Get there with **Vitafol® Prescription Prenatal Vitamins**."

**Exeltis Vitafol website[2]**



47.     The labels for Defendant Exeltis' Vitafol Ultra, Vitafol Gummies, and Vitafol Fe all improperly use the "Rx" marking:

**Vitafol Ultra**



---

[2] **Available here:** http://www.vitafolultra.com/index.html

11

**Vitafol Gummies**



**Vitafol Fe**



48.  In 2017, the government paid more than $18 million for the above three Exeltis products. The average reimbursement was approximately $2.30 a pill – between *five* and *thirty* times more than what non-Rx prenatal vitamins cost.

49.  The below example shows Defendant Avion misusing the "Rx Only" marking on the label of its prenatal vitamin Prenate Mini:

12

**Prenate Mini**



50.     In 2017, the government paid more than $9 million for Avion's Prenate Mini. The average reimbursement was approximately $5.23 a pill – between *ten* and *seventy* times more than what non-Rx prenatal vitamins cost.

51.     The following example shows Defendant Mission misusing the "Rx" and "Rx Only" marking on the label of its prenatal vitamin CitraNatal:

**CitraNatal**



13

52. The government paid more than $13 million for Mission's CitraNatal products in 2017. The average reimbursement was approximately $1.96 a pill—between *four* and *twenty-eight* times more than what non-Rx prenatal vitamins cost.

53. Exhibit A includes representative examples of false "Rx" and "Rx Only" markings from each Defendant. All these objective false statements are actionable under the False Claims Acts. Exhibit A includes many, but not all products involved in this action.

## II. Defendants False Use of National Drug Codes (NDCs) Violates the False Claims Acts

54. An NDC is used to identify a drug—it is not to be used on non-drug products, such as Defendants' dietary supplements. FDA regulations state: "A product may be deemed to be misbranded if an NDC is used" on "products that are not subject to parts 207, 607 of this chapter, or 1271 of this chapter, **such as dietary supplements** and medical devices." 21 C.F.R. § 207.37 (effective November 29, 2016) (emphasis supplied).

55. Because Defendants' products are dietary supplements, not drugs, Defendants are not permitted to display an NDC on their products. To do so is to "misbrand" their products.

56. Furthermore, FDA regulations forbid the use of an NDC to "denote or imply FDA approval of a drug." 21 C.F.R. § 207.37. Defendants are doing just that—fraudulently using NDC numbers and "Rx Only" markings to make it appear as if their products are approved, prescription drugs. By applying NDC numbers to their products, Defendants fraudulently imply that the products require a prescription and are thus eligible for reimbursement under government healthcare programs.

57. Defendants deliberate false labeling also violates FDA regulations governing foods and dietary supplements that prohibit "misleading" labels. 21 U.S.C § 343 ("A food shall be deemed to be misbranded … [if] its labeling is false or misleading in any particular").

14

58.    For example, Defendant Mission improperly displays an NDC number on its prenatal vitmain CitraNatal Rx, opposite the "Rx Only" marking:

**CitraNatal Rx**



59.    The below example shows Defendant Avion misusing an NDC number on its prenatal vitamin Prenate Pixie:

**Prenate Pixie**



60.    Exhibit A also includes representative examples from each Defendant showing the misuse of NDC numbers.

61.    Each of Defendants' false statements and misrepresentations concerning FDA approval and prescription status are actionable under the False Claims Act.

### III.  Defendants False Statements to CMS Violate the False Claims Acts

62.     Defendants each misrepresented the prescription status of their products to CMS.

63.     To participate in the Medicaid program, drug manufacturers are required to provide product and pricing information to CMS pursuant to the Medicaid Drug Rebate Program ("MDRP").

64.     Amongst other things, manufacturers are responsible for reporting the "Drug Type" to CMS. The "Drug Type" identifies whether a drug is available by prescription or over-the-counter. The value is represented by a "Drug Type Indicator," as defined in CMS's data dictionary:[3]

> Drug Type Indicator: This field identifies a drug as prescription (Rx) or Over-the-Counter (OTC). Valid values: 1 = Rx; 2 = OTC

65.     This product information informs CMS and state Medicaid programs as to drug coverage under the Medicaid program.

66.     Defendants consistently misrepresented to CMS that their prenatal vitamins were "1 = Rx," meaning that they require a prescription. In this way, Defendants systematically and falsely misrepresent their products to CMS and state governments in order to present them as prescription drugs for which Medicaid reimbursement is required.

67.     Since at least 2012 to the present, Defendants have misrepresented to CMS the "Drug Type" indicator for each product identified in Exhibit B. The products included in Exhibit B include many, but not all products involved in this action.

---

[3] "Drug Product Data Web File Structure and Definitions, August 2018," available here:
https://www.medicaid.gov/medicaid-chip-program-information/by-topics/prescription-drugs/downloads/recordspecficationanddefinitions.pdf

68.     CMS also requires manufacturers to report an "Approval Date" for their products, which is defined as "The NDC or monograph approval date." Defendants' products *do not have an NDC or monograph approval*, so there can be no "Approval Date" to report. Nonetheless, since at least 2012 to the present, each Defendant reported false and misleading dates to CMS in this field for the products identified in Exhibit B.

## IV.     Defendants False Statements to First Data Bank (FDB) and Other Drug Compendia Companies Violate the False Claims Acts

69.     The Defendant manufacturers also lied to FDB and other drug compendia companies to have their products identified as prescription drugs in their drug library databases.

70.     FDB operates one of the largest and most comprehensive drug databases in the world.

71.     Government healthcare programs, including Medicare and Medicaid plan sponsors, rely on drug compendia companies, including FDB, for obtaining drug information, processing claims, and calculating reimbursement amounts.

72.     In developing its drug database, FDB generally relies on the good-faith representations of drug manufacturers. When a manufacturer represents that its product requires a prescription, FDB historically accepts that representation and publishes that information in its database. On information and belief, the same is true for the other major drug compendia companies.

73.     Defendants took advantage of FDB's procedures and submitted false and misleading information so that their products would be identified as a "prescription" product eligible for Medicaid reimbursement. On information and belief, the Defendants similarly submitted false and misleading information to the other drug compendia companies.

74.     When FDB recognized that the Defendants' representations were false—largely as a result of Relator's efforts—it began revising its policy to reflect these products' non-prescription status.

## V.     Defendants' False Statements and Misrepresentations Are Material to Government Claims for Reimbursement

75.     The False Claims Act defines "material" as "having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property." 31 USC 3729(b)(4).

76.     Defendants' false statements and misrepresentations are material as defined by the Act.

77.     As described above, "prescription" prenatal vitamins are always covered under Medicaid regulations, whereas over-the-counter prenatal vitamins are not. 42 U.S.C. § 1396r-8(d)(2)(E). Consequently, Defendants' misrepresentations concerning its prescription status are material to government payers that base their payment decision on prescription status.

78.     Had government healthcare programs known that Defendants systematically misrepresent the prescription status of their products, government programs that base their payment decision on prescription status would not have paid for Defendants' products.

79.     For example, a product labeled "Rx Only" will cause healthcare providers to issue prescriptions for that product if they wish a patient to use it—regardless of whether the prescription is medically necessary or whether they would have issued a prescription for the same product if it was not labeled "Rx Only." This strategy to induce prescriptions guarantees that Defendants' products will be eligible for Medicaid reimbursement.

80.     Moreover, as described above, the FDA has clearly established that manufacturers cannot market a product with "Rx" or "Rx Only" markings if the product is not a prescription

only drug: if such "drug products are labeled as Rx only, they are misbranded and may not be legally marketed." Docket No. FDA-2008-N-0549.

81.     The FDA's position on the use of "Rx" and "Rx Only" markings shows that Defendants' misuse of "Rx" and "Rx Only" is material to the government.

82.     To adjudicate claims, government healthcare programs and plan sponsors also rely on drug descriptive attributes, including product eligibility and Medicaid rebate status. Defendants have misrepresented these attributes to CMS and drug compendia databases.

83.     The FDB "Class" value, which identifies products as prescription or non-prescription, is one such attribute. Accordingly, false statements to CMS, FDB, and other compendia that misrepresent prescription status are material to, and undermine, the adjudication process.

84.     Finally, the government paid substantially more for Defendants' prenatal vitamins than comparable over-the-counter prenatal vitamins that were not labeled "Rx Only." Because government healthcare programs must "be provided economically," 42 U.S.C. § 1320c-5(a), Defendants misrepresentations that caused the government to overpay for prenatal vitamins were material to the government.

85.     For example, Avion Pharmaceuticals, Inc. manufacturers a range of "Rx Only" prenatal vitamins that cost up to $6 a pill. In comparison, prenatal multivitamins that do *not* claim to be "Rx Only" can cost between $0.07-$0.45 a pill. Such a substantial reimbursement disparity—*up to seventy-five times more for Defendants product*—is material to government programs that must be operated economically.

86.     To illustrate, in 2017 Florida purchased over $3.3 million worth of Defendant Avion's Prenate Mini, with an average price of $5.70 a pill. Had Florida instead purchased a

"non-Rx" product at the average cost of $0.25 a pill, it would have saved over $3.2 million. Put another way, if instead of spending $3.3 million on Defendant's Prenate Mini, Florida spent that amount on a non-Rx product, it could have served twenty-two times more women in need of prenatal vitamins.

87.     The following identifies average reimbursement prices for some of Defendants' products compared to OTC multivitamins.

**2017 SDUD National Prenatal Vitamin Price Comparisons**

| Product | Manufacturer | Rx Only | Average Reimbursement per Unit | Sum of Medicaid Amount Reimbursed |
|---|---|---|---|---|
| Prenate Mini | Avion Pharmaceuticals, LLC | Yes | $5.23 | $9,276,664 |
| Vitafol Ultra | Exeltis USA, Inc. | Yes | $3.35 | $16,079,272 |
| Citranatal | Mission Pharmacal Company | Yes | $1.96 | $13,781,296 |
| OB COMPLET | Vertical Pharmaceuticals, LLC | Yes | $3.39 | $1,519,389 |
| Nestabs | Women's Choice Pharmaceuticals LLC | Yes | $1.82 | $1,418,669 |
| Virt PN DH | Virtus Pharmaceuticals, LLC | Yes | $1.60 | $386,880 |
| Zatean-PN | Trigen Laboratories, Inc. | Yes | $1.50 | $390,693 |
| CONCEPT DH | U.S. Pharmaceutical Corporation | Yes | $1.07 | $1,054,853 |
| SE-NATAL 1 | Seton Pharmaceuticals, LLC | Yes | $0.63 | $1,075,324 |
| PNV Plus | Sancilio & Company, Inc., | Yes | $0.32 | $3,391,765 |
| OTC Prenatal Vitamins Available[4] | Various Manufacturers | No | $0.07-0.45 | - |

88.     Moreover, Defendant's products comprise approximately 97% of all Medicaid reimbursement for prenatal vitamins in 2017. The State Drug Utilization Database ("SDUD") shows total Medicaid payments of more than $81 million for Defendants' prenatal products

---

[4] Prices available here: https://www.target.com/c/prenatal-vitamins-supplements-health/-/N-y1yu5

during this time period.[5] The largest amounts paid are for prenatal vitamins from Exeltis USA ($35.4 million), Mission Pharmacal ($13.7 million), and Avion Pharmaceuticals ($12.5 million).

89.     Because Defendants' products make up the lion's share of government reimbursement for prenatal products, Defendants' false representations concerning their products and resulting reimbursement disparities are material to the government.

## VI.     Defendants Knowingly Violated the False Claims Act

90.     The False Claims Act defines "knowing" and "knowingly" as either: a) having actual knowledge, b) acting with deliberate ignorance, or c) acting with reckless disregard. 31 USC 3729(b)(1).

91.     Proof of specific intent to defraud is not required. *Id*.

92.     Defendants all acted knowingly with respect to the false statements and misrepresentations described above.

93.     Defendants know that their products are regulated as dietary supplements and not drugs, and Defendants know that their products have not been approved by the FDA as prescription only.

94.     Defendants are sophisticated pharmaceutical companies with knowledge of the regulations governing prenatal vitamins.

95.     Defendants' conduct, which has been ongoing for years, is no mere oversight or mistake. Defendants have deliberately misrepresented the prescription status of their products to gain a financial advantage.

---

[5] The SDUD database is available at: https://www.medicaid.gov/medicaid/prescription-drugs/state-drug-utilization-data/index.html.

96.     Defendants know that government healthcare programs purchase their products. Defendants therefore know that the false statements and omissions relating to Defendants' products are actionable under the False Claims Acts.

97.     The Defendant have taken deliberate steps to make it appear that their prenatal vitamins legally require a prescription when, in fact, they do not. This directly causes government healthcare programs to reimburse providers for products that would otherwise not be reimbursed at their inflated rates. These false and misleading statements violate FDA labeling regulations and lead to the submission of actionable false claims under the False Claims Act.

## COUNT I

### Violation of the Federal False Claims Act

98.     The allegations contained in the foregoing paragraphs are alleged as though fully set forth in this paragraph.

99.     Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the False Claims Act of the United States, 31 U.S.C. § 3729 *et seq.*

100.    Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of 31 U.S.C. § 3729(a)(1)(A).

101.    Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of 31 U.S.C. § 3729(a)(1)(B).

102.    Defendants' acts and omissions were made knowingly, as defined in 31 U.S.C. § 3729(b)(1).

103.    Defendants' acts and omissions were material, as defined in 31 U.S.C. § 3729(b)(1).

104.    The United States, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

105.    Because of the Defendants' acts and omissions, the United States has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

106.    The United States is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT II

### California False Claims Act

107.    The allegations alleged in the foregoing paragraphs are alleged as though fully set forth in this paragraph.

108.    Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the California False Claims Act (Cal. Gov't Code § 12650 *et seq.*).

109.    The term "State" as used in this Count shall have the meaning as defined in the California False Claims Act, including the State of California, any agency of State government, county, municipality and other entities (Cal. Gov't Code § 12650(b)(6)).

110.    Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the California False Claims Act (Cal. Gov't Code § 12651(a)(1)).

111.    Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of California False Claims Act (Cal. Gov't Code § 12651(a)(2)).

112.    Defendants' acts and omissions were made knowingly, as defined in the California False Claims Act (Cal. Gov't Code § 12650(b)(3)(A-C)).

113.    Defendants' acts and omissions were material, as defined in the California False Claims Act (Cal. Gov't Code § 12650(b)(4)).

114.    The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

115.    Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

116.    The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT III

### California Insurance Frauds Prevention Act

117.    The allegations alleged in the foregoing paragraphs are alleged as though fully set forth in this paragraph.

118.    The California Insurance Frauds Prevention Act, Cal. Ins. Code §§ 1871 *et seq.* ("CIFPA"), is designed to combat fraud committed against private insurance companies. The CIFPA allows individuals to bring an action on behalf of the state against individuals or companies that are defrauding private insurance companies.

119.    Through the various schemes, described above, Defendants violated the CIFPA, making or causing fraudulent health care claims to be made to California private insurers and

defrauding private insurers out of overpayments. By doing so, Defendants substantially increased private insurer's costs and in turn increased the costs of their participants' coverage.

120.     Because of the acts and omissions described above, Defendants are liable for the greater of a fine not to exceed $150,000 or double the value of fraud, in addition to restitution, and other damages and penalties under the California Insurance Frauds Prevention Act (Cal. Ins. Code § 1871.4(b).

## COUNT IV

### Colorado Medicaid False Claims Act

121.     The allegations alleged in the foregoing paragraphs are alleged as though fully set forth in this paragraph.

122.     Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the Colorado Medicaid False Claims Act (Colo. Rev. Stat. Ann. §25.5-4–303.5 et seq.).

123.     The term "State" as used in this Count shall have the meaning as used in the Colorado Medicaid False Claims Act, including the State of Colorado, any officer, employee, or agent of the state, or any contractor, grantee, or other recipient of monies or property designated to be spent or used on behalf of the State of Colorado or to advance a program or interest therewith (Colo. Rev. Stat. Ann. §25.5-4–304(1)(a)(I-II)).

124.     Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Colorado Medicaid False Claims Act (Colo. Rev. Stat. Ann. §25.5-4–303.5(a)).

125.     Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent

claim, within the meaning of Colorado Medicaid False Claims Act (Colo. Rev. Stat. Ann. §25.5-4–305(1)(b)).

126.    Defendants' acts and omissions were made knowingly, as defined in the Colorado Medicaid False Claims Act (Colo. Rev. Stat. Ann. §25.5-4–304(3)(a-b)).

127.    Defendants' acts and omissions were material, as defined in the Colorado Medicaid False Claims Act (Colo. Rev. Stat. Ann. §25.5-4–304(4)).

128.    The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

129.    Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

130.    The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT V

### Connecticut False Claims Act

131.    The allegations alleged in the foregoing paragraphs are alleged as though fully set forth in this paragraph.

132.    Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the Connecticut False Claims Act (Conn. Gen. Stat. § 4-274 *et seq.*).

133.    The term "State" as used in this Count shall have the meaning as defined in the Connecticut False Claims Act, including the State of Connecticut, any agency of State government, county, municipality and other entities (Conn. Gen. Stat. § 4-274(5)).

134.    Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Connecticut False Claims Act (Conn. Gen. Stat. § 4-275(a)(1)).

135.    Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Connecticut False Claims Act (Conn. Gen. Stat. § 4-275(a)(2)).

136.    Defendants' acts and omissions were made knowingly, as defined in the Connecticut False Claims Act (Conn. Gen. Stat. § 4-274(1)(A-C)).

137.    Defendants' acts and omissions were material, as defined in the Connecticut False Claims Act (Conn. Gen. Stat. § 4-274(6)).

138.    The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

139.    Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

140.    The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT VI

### Delaware False Claims and Reporting Act

141.    The allegations alleged in the foregoing paragraphs are alleged as though fully set forth in this paragraph.

142.    Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the Delaware False Claims and Reporting Act (6 Del. Code Ann. § 1201 *et seq.*).

143.    The term "State" as used in this Count shall have the meaning as defined in the Delaware False Claims and Reporting Act, including the State of Delaware, any agency of State government, county, municipality and other entities (6 Del. Code Ann. § 1202(2)).

144.    Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Delaware False Claims and Reporting Act (6 Del. Code Ann. § 1201(a)(1).

145.    Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Delaware False Claims and Reporting Act (6 Del. Code Ann. § 1201(a)(2).

146.    Defendants' acts and omissions were made knowingly, as defined in the Delaware False Claims and Reporting Act (6 Del. Code Ann. § 1202(3)(a-c)).

147.    Defendants' acts and omissions were material, as defined in the Delaware False Claims and Reporting Act (6 Del. Code Ann. § 1202(4).

148.    The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

149.    Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

150.    The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims and Reporting Act.

## COUNT VII

### District of Columbia False Claims Act

151.    The allegations alleged in the foregoing paragraphs are alleged as though fully set forth in this paragraph.

152.    Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the District of Columbia False Claims Act (D.C. Code § 2-381.01 *et seq.*).

153.    The term "State" as used in this Count shall have the meaning as used in the District of Columbia False Claims Act, including the District of Columbia, any of its officers, employees, or agents, or a contractor, grantee, or other recipient of monies or property to be spent or used on behalf of the District of Columbia or to advance any program or interest therewith (D.C. Code § 2-381.01(1)).

154.    Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the District of Columbia False Claims Act (D.C. Code § 2-381.02(a)(1)).

155.    Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of District of Columbia False Claims Act (D.C. Code § 2-381.02(a)(2)).

156.    Defendants' acts and omissions were made knowingly, as defined in the District of Columbia False Claims Act (D.C. Code § 2-381.01(7)(A-B)).

157.    Defendants' acts and omissions were material, as defined in the District of Columbia False Claims Act (D.C. Code § 2-381.01(8)).

158. The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

159. Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

160. The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT VIII

### Florida False Claims Act

161. The allegations alleged in the foregoing paragraphs are alleged as though fully set forth in this paragraph.

162. Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the Florida False Claims Act (Fla. Stat. §§ 68.081 *et seq.*).

163. The term "State" as used in this Count shall have the meaning as defined in the Florida False Claims Act, including the State of Florida, any agency of State government, county, municipality and other entities (Fla. Stat. § 68.082(1)(d)).

164. Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Florida False Claims Act (Fla. Stat. § 68.082(2)(a)).

165. Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Florida False Claims Act (Fla. Stat. § 68.082(2)(b)).

166. Defendants' acts and omissions were made knowingly, as defined in the Florida False Claims Act (Fla. Stat. § 68.082(2)(c)(1-3)).

167.     Defendants' acts and omissions were material, as defined in the Florida False Claims Act (Fla. Stat. § 68.082(1)(d)).

168.     The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

169.     Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

170.     The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

**COUNT IX**

**Georgia Taxpayer Protection False Claims Act**

171.     The allegations alleged in the foregoing paragraphs are alleged as though fully set forth in this paragraph.

172.     Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the Georgia Taxpayer Protection False Claims Act (Ga. Code Ann. § 23-3-120 *et seq.*).

173.     The term "State" as used in this Count shall have the meaning as defined in the Georgia Taxpayer Protection False Claims Act, including the State of Georgia, any agency of State government, county, municipality and other entities (Ga. Code Ann. § 23-3-120)(6)).

174.     Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Georgia Taxpayer Protection False Claims Act (Ga. Code Ann. § 23-3-121(a)(1)).

175.     Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent

31

claim, within the meaning of Georgia Taxpayer Protection False Claims Act (Ga. Code Ann. § 23-3-121(a)(2)).

176. Defendants' acts and omissions were made knowingly, as defined in the Georgia Taxpayer Protection False Claims Act (Ga. Code Ann. § 23-3-120(2)(A-C)).

177. Defendants' acts and omissions were material, as defined in the Georgia Taxpayer Protection False Claims Act (Ga. Code Ann. § 23-3-120(4).

178. The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

179. Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

180. The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT X

### Georgia's State False Medicaid Claims Act

181. The allegations alleged in the foregoing paragraphs are alleged as though fully set forth in this paragraph.

182. Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under Georgia's State False Medicaid Claims Act (Ga. Code Ann. § 49-4-168 *et seq.*).

183. The term "State" as used in this Count shall have the meaning as used in Georgia's State False Medicaid Claims Act, including the State of Georgia, any officer, employee, fiscal intermediary, grantee, agent, or contractor of the Georgia Medicaid program, or

32

any other persons or entities receiving payments from the Georgia Medicaid Program (Ga. Code Ann. § 49-4-168(1)).

184. Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Georgia's State False Medicaid Claims Act (Ga. Code Ann. § 49-4-168.1(a)(1)).

185. Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Georgia's State False Medicaid Claims Act (Ga. Code Ann. § 49-4-168.1(a)(2)).

186. Defendants' acts and omissions were made knowingly, as defined in the Georgia's State False Medicaid Claims Act (Ga. Code Ann. § 49-4-168(2)(A-C)).

187. Defendants' acts and omissions were material, as defined in the Georgia's State False Medicaid Claims Act (Ga. Code Ann. § 49-4-168(3)).

188. The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

189. Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

190. The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT XI

### Hawaii False Claims Act – False Claims to the State

191. The allegations alleged in the foregoing paragraphs are alleged as though fully set forth in this paragraph.

192. Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under Hawaii's False Claims to the State (Haw. Rev. Stat. §§ 661-21 *et seq.*).

193. The term "State" as used in this Count shall have the meaning as used in Hawaii's False Claims to the State, including the State of Hawaii, any agency of State government, and any officer, employee, or agent of the State (Haw. Rev. Stat. § 661-21).

194. Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of Hawaii's False Claims to the State (Haw. Rev. Stat. § 661-21(a)(1)).

195. Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Hawaii's False Claims to the State (Haw. Rev. Stat. § 661-21(a)(2)).

196. Defendants' acts and omissions were made knowingly, as defined in Hawaii's False Claims to the State (Haw. Rev. Stat. § 661-21(e)(1-3)).

197. Defendants' acts and omissions were material, as defined in Hawaii's False Claims to the State (Haw. Rev. Stat. § 661-21(e)(3)).

198. The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

199. Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

200. The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT XII

### Illinois False Claims Act

201.    The allegations alleged in the foregoing paragraphs are alleged as though fully set forth in this paragraph.

202.    Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the Illinois False Claims Act (740 ILCS 175/1 *et seq.*).

203.    The term "State" as used in this Count shall have the meaning as defined in the Illinois False Claims Act, including the State of Illinois, any agency of State government, county, municipality and other entities (740 ILCS 175/2(a)).

204.    Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Illinois False Claims Act (740 ILCS 175/3(a)(1)(A)).

205.    Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Illinois False Claims Act (740 ILCS 175/3(a)(1)(B)).

206.    Defendants' acts and omissions were made knowingly, as defined in the Illinois False Claims Act (740 ILCS 175/3(b)(1)).

207.    Defendants' acts and omissions were material, as defined in the Illinois False Claims Act (740 ILCS 175/3(b)(4)).

208.    The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

209.    Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

35

210. The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT XIII

### Illinois Insurance Frauds Prevention Act

211. The allegations alleged in the foregoing paragraphs are alleged as though fully set forth in this paragraph.

212. The Illinois Legislature enacted the Illinois Insurance Claims Frauds Prevention Act, 740 ILCS § 92/1 *et seq.* ("IICFPA"), to combat abusive practices aimed at defrauding private insurance providers. The legislation was enacted specifically to address the social costs of fraud on private insurance providers, noting that the penalties in the IICFPA are "remedial" and intended to achieve the "goals of disgorging unlawful profit, restitution, compensating the State for the costs of investigations and prosecution, and alleviating the social costs of increased insurance rates due to fraud." 740 ILCS § 92/5(c).

213. Through the various schemes, described above, Defendants violated the IICFPA, making or causing fraudulent health care claims to be made to Illinois private insurers and defrauding private insurers out of overpayments. By doing so, Defendants substantially increased private insurer's costs and in turn increased the costs of their participants' coverage.

214. Because of the acts and omissions described above, Defendants are liable for the maximum damages and penalties under the Illinois Insurance Claims Frauds Prevention Act (740 ILCS § 92/1 *et seq.*).

## COUNT XIV

### Indiana False Claims and Whistleblower Protection Act

215.    The allegations alleged in the foregoing paragraphs are alleged as though fully set forth in this paragraph.

216.    Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the Indiana False Claims and Whistleblower Protection Act (Ind. Code §§ 5-11-5.5-1 *et seq.*).

217.    The term "State" as used in this Count shall have the meaning as defined in the Indiana False Claims and Whistleblower Protection Act, including the State of Indiana, any agency of State government, county, municipality and other entities (Ind. Code § 5-11-5.5-1(7)).

218.    Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Indiana False Claims and Whistleblower Protection Act (Ind. Code § 5-11-5.5-2(b)(1)).

219.    Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Indiana False Claims and Whistleblower Protection Act (Ind. Code § 5-11-5.5-2(b)(2)).

220.    Defendants' acts and omissions were made knowingly, as defined in the Indiana False Claims and Whistleblower Protection Act (Ind. Code § 5-11-5.5-1(4)).

221.    Defendants' acts and omissions were material, as defined in the Indiana False Claims and Whistleblower Protection Act (Ind. Code § 5-11-5.7-1(b)(5)).

222. The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

223. Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

224. The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT XV

### Indiana Medicaid False Claims and Whistleblower Protection Act

225. The allegations alleged in the foregoing paragraphs are alleged as though fully set forth in this paragraph.

226. Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the Indiana Medicaid False Claims and Whistleblower Protection Act (Ind. Code §§ 5-11-5.7 *et seq.*).

227. The term "State" as used in this Count shall have the meaning as defined in the Indiana Medicaid False Claims and Whistleblower Protection Act, including the State of Indiana, any agency of State government, county, municipality and other entities (Ind. Code § 5-11-5.7-1(b)(9)).

228. Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Indiana Medicaid False Claims and Whistleblower Protection Act (Ind. Code § 5-11-5.7-1(b)(1)(A)).

229. Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent

claim, within the meaning of Indiana Medicaid False Claims and Whistleblower Protection Act (Ind. Code § 5-11-5.7-1(b)(1)(B)).

230.    Defendants' acts and omissions were made knowingly, as defined in the Indiana Medicaid False Claims and Whistleblower Protection Act (Ind. Code § 5-11-5.7-1(b)(4)(A-C)).

231.    Defendants' acts and omissions were material, as defined in the Indiana Medicaid False Claims and Whistleblower Protection Act (Ind. Code § 5-11-5.7-1(b)(5)).

232.    The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

233.    Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

234.    The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT XVI

### Iowa False Claims Act

235.    The allegations alleged in the foregoing paragraphs are alleged as though fully set forth in this paragraph.

236.    Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the Iowa False Claims Act (Iowa Code §§ 685.1 *et seq.*).

237.    The term "State" as used in this Count shall have the meaning as defined in the Iowa False Claims Act, including the State of Iowa, any agency of State government, county, municipality and other entities (Iowa Code § 685.1(15)).

238. Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Iowa False Claims Act (Iowa Code § 685.2(1)(a)).

239. Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Iowa False Claims Act (Iowa Code § 685.2(1)(b)).

240. Defendants' acts and omissions were made knowingly, as defined in the Iowa False Claims Act (Iowa Code § 685.1(7)(a-b)).

241. Defendants' acts and omissions were material, as defined in the Iowa False Claims Act (Iowa Code § 685.1(8)).

242. The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

243. Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

244. The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT XVII

### Louisiana Medical Assistance Programs Integrity Law

245. The allegations alleged in the foregoing paragraphs are alleged as though fully set forth in this paragraph.

246. Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the Louisiana Medical Assistance Programs Integrity Law (La. Rev. Stat. Ann. §§ 46:437.1 – 46:440.3)

247. The term "State" as used in this Count shall have the meaning as used in the Louisiana Medical Assistance Programs Integrity Law, including the State of Louisiana, any officer, employee, agent, or Louisiana Department of Health, or any contractor, grantee, or other recipient of money or property to be spent or used in any manner in any program administered by the Louisiana Department of Health (La. Rev. Stat. Ann. § 46:437.3(5)).

248. Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Louisiana Medical Assistance Programs Integrity Law (La. Rev. Stat. Ann. § 46:438.3(A)).

249. Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Louisiana Medical Assistance Programs Integrity Law (La. Rev. Stat. Ann. § 46:438.3(B)).

250. Defendants' acts and omissions were made knowingly, as defined in the Louisiana Medical Assistance Programs Integrity Law (La. Rev. Stat. Ann. § 46:437.3(11)).

251. Defendants' acts and omissions were material, as defined in the Louisiana Medical Assistance Programs Integrity Law (La. Rev. Stat. Ann. § 46:437.3(13)).

252. The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

253. Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

254.     The State is additionally entitled to the maximum civil penalty for each and every violation of the Louisiana Medical Assistance Programs Integrity Law.

## COUNT XVIII

### Maryland False Health Claims Act

255.     The allegations alleged in the foregoing paragraphs are alleged as though fully set forth in this paragraph.

256.     Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the Maryland False Health Claims Act (Md. Code Ann. §§ 2-601 *et seq.*).

257.     The term "State" as used in this Count shall have the meaning as defined in the Maryland False Health Claims Act, including the State of Maryland, any agency of State government, county, municipality and other entities (Md. Code Ann. § 2-601).

258.     Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Maryland False Health Claims Act (Md. Code Ann. § 2-602(a)(1)).

259.     Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Maryland False Health Claims Act (Md. Code Ann. § 2-602(a)(2)).

260.     Defendants' acts and omissions were made knowingly, as defined in the Maryland False Health Claims Act (Md. Code Ann. § 2-601(f)(1-2)).

261.     Defendants' acts and omissions were material, as defined in the Maryland False Health Claims Act (Md. Code Ann. § 2-601(g)).

262.     The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

263.     Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

264.     The State is additionally entitled to the maximum civil penalty for each and every violation of the False Health Claims Act.

## COUNT XIX

### Massachusetts False Claims Act

265.     The allegations alleged in the foregoing paragraphs are alleged as though fully set forth in this paragraph.

266.     Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the Massachusetts False Claims Act (Mass. Gen. Laws ch. 12 §§ 5A *et seq.*).

267.     The term "Commonwealth" as used in this Count shall have the meaning as used in the Massachusetts False Claims Act, including the Commonwealth of Massachusetts, any officer, employee, agent, or other representative of the common wealth or a political subdivision thereof, or any contractor, subcontractor, grantee or other person, to whom money or property is to be spent or used on of or to advance a program or interest of the Commonwealth of Massachusetts or a political subdivision thereof (Mass. Gen. Laws ch. 12 § 5A).

268.     Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Massachusetts False Claims Act (Mass. Gen. Laws ch. 12 § 5B(a)(1)).

269. Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Massachusetts False Claims Act (Mass. Gen. Laws ch. 12 § 5B(a)(2).

270. Defendants' acts and omissions were made knowingly, as defined in the Massachusetts False Claims Act (Mass. Gen. Laws ch. 12 § 5A).

271. Defendants' acts and omissions were material, as defined in the Massachusetts False Claims Act (Mass. Gen. Laws ch. 12 § 5A).

272. The Commonwealth, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

273. Because of the Defendants' acts and omissions, the Commonwealth has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

274. The Commonwealth is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT XX

### Michigan Medicaid False Claim Act

275. The allegations alleged in the foregoing paragraphs are alleged as though fully set forth in this paragraph.

276. Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the Michigan Medicaid False Claim Act (Mich. Comp. Laws §§ 400.601 *et seq.*).

277. The term "State" as used in this Count shall have the meaning as used in the Michigan Medicaid False Claim Act, including the State of Michigan, any employee or officer of

the State of Michigan, and other entities, including the Michigan department of community health (Mich. Comp. Laws § 400.602).

278.    Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Michigan Medicaid False Claim Act (Mich. Comp. Laws § 400.607(1)).

279.    Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Michigan Medicaid False Claim Act (Mich. Comp. Laws § 400.607(2)).

280.    Defendants' acts and omissions were made knowingly, as defined in the Michigan Medicaid False Claim Act (Mich. Comp. Laws § 400.602(f)).

281.    Defendants' acts and omissions were material, as used in the Michigan Medicaid False Claim Act.

282.    The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

283.    Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

284.    The State is additionally entitled to the maximum civil penalty for each and every violation of the Medicaid False Claim Act.

## COUNT XXI

### Minnesota False Claims Act

285.    The allegations alleged in the foregoing paragraphs are alleged as though fully set forth in this paragraph.

45

286. Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the Minnesota False Claims Act (Minn. Stat. §§ 15C.01 *et seq.*).

287. The term "State" as used in this Count shall have the meaning as defined in the Minnesota False Claims Act, including the State of Minnesota, any agency of State government, county, municipality and other entities (Minn. Stat. § 15C.01(8)).

288. Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Minnesota False Claims Act (Minn. Stat. § 15C.02(a)(1)).

289. Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Minnesota False Claims Act (Minn. Stat. § 15C.02(a)(2)).

290. Defendants' acts and omissions were made knowingly, as defined in the Minnesota False Claims Act (Minn. Stat. § 15C.01(3)(1-3)).

291. Defendants' acts and omissions were material, as defined in the Minnesota False Claims Act (Minn. Stat. § 15C.01(3a)).

292. The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

293. Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

294. The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT XXII

### Montana False Claims Act

295.    The allegations alleged in the foregoing paragraphs are alleged as though fully set forth in this paragraph.

296.    Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the Montana False Claims Act (Mont. Code Ann. §§ 17-8-401 *et seq.*).

297.    The term "State" as used in this Count shall have the meaning as defined in the Montana False Claims Act, including the State of Montana, any agency of State government, county, municipality and other entities (Mont. Code Ann. § 17-8-402(3)(a-c)).

298.    Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Montana False Claims Act (Mont. Code Ann. § 17-8-403(1)(a)).

299.    Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Montana False Claims Act (Mont. Code Ann. § 17-8-403(1)(b)).

300.    Defendants' acts and omissions were made knowingly, as defined in the Montana False Claims Act (Mont. Code Ann. § 17-8-402(4)(a)-(b)).

301.    Defendants' acts and omissions were material, as defined in the Montana False Claims Act (Mont. Code Ann. § 17-8-402(5)).

302.    The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

47

303.   Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

304.   The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT XXIII

### Nevada False Claims Act

305.   The allegations alleged in the foregoing paragraphs are alleged as though fully set forth in this paragraph.

306.   Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the Nevada False Claims Act (Nev. Rev. Stat. Ann. §§ 357.010 *et seq.*).

307.   The term "State" as used in this Count shall have the meaning as used in the Nevada False Claims Act, including the State of Nevada, any officer, employee or agent of the State of Nevada or any political subdivision thereof, or any contractor, grantee or other recipient of money, property or services to be spent or used on behalf of the State of Nevada or a political subdivision thereof (Nev. Rev. Stat. Ann. § 357.020).

308.   Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Nevada False Claims Act (Nev. Rev. Stat. Ann. § 357.040(1)(a)).

309.   Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Nevada False Claims Act (Nev. Rev. Stat. Ann. § 357.040(1)(b)).

310.   Defendants' acts and omissions were made knowingly, as defined in the Nevada False Claims Act (Nev. Rev. Stat. Ann. § 357.040(2)(a)-(c)).

311. Defendants' acts and omissions were material, as defined in the Nevada False Claims Act (Nev. Rev. Stat. Ann. § 357.022).

312. The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

313. Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

314. The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT XXIV

### New Jersey False Claims Act

315. The allegations alleged in the foregoing paragraphs are alleged as though fully set forth in this paragraph.

316. Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the New Jersey False Claims Act (N.J. Stat. Ann. §§ 2A:32C-1 *et seq.*).

317. The term "State" as used in this Count shall have the meaning as defined in the New Jersey False Claims Act, including the State of New Jersey, any agency of State government, county, municipality and other entities (N.J. Stat. Ann. § 2A:32C-2(2.A)).

318. Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the New Jersey False Claims Act (N.J. Stat. Ann. § 2A:32C-3((3.A)(a)).

319. Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of New Jersey False Claims Act (N.J. Stat. Ann. § 2A:32C-3(3.A)(b)).

320. Defendants' acts and omissions were made knowingly, as defined in the New Jersey False Claims Act (N.J. Stat. Ann. § 2A:32C-2((2.A)(1-3)).

321. Defendants' acts and omissions were material, as used in the New Jersey False Claims Act.

322. The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

323. Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

324. The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT XXV

### New Mexico Medicaid False Claims Act

325. The allegations alleged in the foregoing paragraphs are alleged as though fully set forth in this paragraph.

326. Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the New Mexico Medicaid False Claims Act (N.M. Stat. Ann. §§ 27-14-1 *et seq.*).

327. The term "Department" as used in this Count shall have the meaning as defined in the New Mexico Medicaid False Claims Act, including the State of New Mexico and the Human Services Department, (N.M. Stat. Ann. § 27-14-3(B)).

328. Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the New Mexico Medicaid False Claims Act (N.M. Stat. Ann. § 27-14-4(A-B)).

329. Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of New Mexico Medicaid False Claims Act (N.M. Stat. Ann. § 27-14-4(C)).

330. Defendants' acts and omissions were made knowingly, as used in the New Mexico Medicaid False Claims Act.

331. Defendants' acts and omissions were material, as used in the New Mexico Medicaid False Claims Act.

332. The Department, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

333. Because of the Defendants' acts and omissions, the Department has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

334. The Department is additionally entitled to the maximum civil penalty for each and every violation of the New Mexico Medicaid False Claims Act.

## COUNT XXVI

### New Mexico Fraud Against Taxpayers Act

335. The allegations alleged in the foregoing paragraphs are alleged as though fully set forth in this paragraph.

336.     Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the New Mexico Fraud Against Taxpayers Act (N.M. Stat. Ann. §§ 44-9-1 *et seq.*).

337.     The term "State" as used in this Count shall have the meaning as defined in the New Mexico Fraud Against Taxpayers Act, including the State of New Mexico, any agency of State government, county, municipality and other entities (N.M. Stat. Ann. § 44-9-2(E)).

338.     Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the New Mexico Fraud Against Taxpayers Act (N.M. Stat. Ann. § 44-9-3(A)(1)).

339.     Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of New Mexico Fraud Against Taxpayers Act (N.M. Stat. Ann. § 44-9-3(A)(2)).

340.     Defendants' acts and omissions were made knowingly, as defined in the New Mexico Fraud Against Taxpayers Act (N.M. Stat. Ann. § 44-9-2(C)(1-3)).

341.     Defendants' acts and omissions were material, as used in the New Mexico Fraud Against Taxpayers Act.

342.     The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

343.     Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

344.    The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT XXVII

### New York False Claims Act

345.    The allegations alleged in the foregoing paragraphs are alleged as though fully set forth in this paragraph.

346.    Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the New York False Claims Act (N.Y. State Fin. Law §§187-194).

347.    The term "State" as used in this Count shall have the meaning as defined in the New York False Claims Act, including the State of New York, any agency of State government, county, municipality and other entities (N.Y. State Fin. Law §188(7)).

348.    Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the New York False Claims Act (N.Y. State Fin. Law §189(1)(a)).

349.    Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of New York False Claims Act (N.Y. State Fin. Law §189(1)(b)).

350.    Defendants' acts and omissions were made knowingly, as defined in the New York False Claims Act (N.Y. State Fin. Law §188(a)-(c)).

351.    Defendants' acts and omissions were material, as defined in the New York False Claims Act (N.Y. State Fin. Law §188(5)).

352. The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

353. Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

354. The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

<u>**COUNT XXVIII**</u>

**North Carolina False Claims Act**

355. The allegations alleged in the foregoing paragraphs are alleged as though fully set forth in this paragraph.

356. Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the North Carolina False Claims Act (N.C. Gen. Stat. §§ 1-605 *et seq.*).

357. The term "State" as used in this Count shall have the meaning as used in the North Carolina False Claims Act, including the State of North Carolina, any officer, employee, or agent of the State of North Carolina, or any contractor, grantee, or other recipient of money or property to be spent or used on behalf of the State of North Carolina or to advance a program or interest therewith. (N.C. Gen. Stat. § 1-606(2)).

358. Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the North Carolina False Claims Act (N.C. Gen. Stat. § 1-607(a)(1)).

359. Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of North Carolina False Claims Act (N.C. Gen. Stat. § 1-607(a)(2)).

360. Defendants' acts and omissions were made knowingly, as defined in the North Carolina False Claims Act (N.C. Gen. Stat. § 1-606(4)(a-c)).

361. Defendants' acts and omissions were material, as defined in the North Carolina False Claims Act (N.C. Gen. Stat. § 1-606(6)).

362. The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

363. Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

364. The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT XXIX

### Oklahoma False Claims Act

365. The allegations alleged in the foregoing paragraphs are alleged as though fully set forth in this paragraph.

366. Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the Oklahoma Medicaid False Claims Act (63 Okl. Stat. § 5053 *et seq.*).

367. The term "State" as used in this Count shall have the meaning as defined in the Oklahoma Medicaid False Claims Act, including the State of Oklahoma, any agency of State government, county, municipality and other entities (63 Okl. Stat. § 5053).

368.    Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Oklahoma Medicaid False Claims Act (63 Okl. Stat. § 5053.1(B)(1)).

369.    Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Oklahoma Medicaid False Claims Act (63 Okl. Stat. § 5053.1(B)(2)).

370.    Defendants' acts and omissions were made knowingly, as defined in the Oklahoma Medicaid False Claims Act (63 Okl. Stat. § 5053.1(A)(2)(a)-(c)).

371.    Defendants' acts and omissions were material, as defined in the Oklahoma Medicaid False Claims Act (63 Okl. Stat. § 5053.1(A)(3)).

372.    The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

373.    Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

374.    The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT XXX

### Rhode Island – State False Claims Act

375.    The allegations alleged in the foregoing paragraphs are alleged as though fully set forth in this paragraph.

376. Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under Rhode Island's State False Claims Act (R.I. Gen. Laws §§ 9-1.1 *et seq.*).

377. The term "State" as used in this Count shall have the meaning as defined in Rhode Island's State False Claims Act, including the State of Rhode Island, any agency of State government, county, municipality and other entities (R.I. Gen. Laws § 9-1.1-2(a)).

378. Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of Rhode Island's State False Claims Act (R.I. Gen. Laws § 9-1.1-3(a)(1)).

379. Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Rhode Island's State False Claims Act (R.I. Gen. Laws § 9-1.1-3(a)(2)).

380. Defendants' acts and omissions were made knowingly, as defined in Rhode Island's State False Claims Act (R.I. Gen. Laws § 9-1.1-3(b)(1)-(3)).

381. Defendants' acts and omissions were material, as defined in Rhode Island's State False Claims Act (R.I. Gen. Laws § 9-1.1-3(b)(4)).

382. The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

383. Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

384.    The State is additionally entitled to the maximum civil penalty for each and every violation of the State False Claims Act.

## COUNT XXXI

### Tennessee False Claims Act

385.    The allegations alleged in the foregoing paragraphs are alleged as though fully set forth in this paragraph.

386.    Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the Tennessee False Claims Act (Tenn. Code Ann. §§ 4-18-101 *et seq.*).

387.    The term "State" as used in this Count shall have the meaning as used in the Tennessee False Claims Act, including the State of Tennessee, any employee, officer, or agent of the State of Tennessee or of any political subdivision thereof, or any contractor, grantee, or other recipient of money, property, or services requested or demanded issued from, or provided by, the state or any political subdivision thereof. (Tenn. Code Ann. § 4-18-102(1)).

388.    Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Tennessee False Claims Act (Tenn. Code Ann. § 4-18-103(a)(1)).

389.    Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Tennessee False Claims Act (Tenn. Code Ann. § 4-18-103(a)(2)).

390.    Defendants' acts and omissions were made knowingly, as defined in the Tennessee False Claims Act (Tenn. Code Ann. § 4-18-102(2)(A)-(C)).

391.    Defendants' acts and omissions were material, as used in the Tennessee False Claims Act.

392.    The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

393.    Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

394.    The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

<u>**COUNT XXXII**</u>

**Tennessee Medicaid False Claims Act**

395.    The allegations alleged in the foregoing paragraphs are alleged as though fully set forth in this paragraph.

396.    Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the Tennessee Medicaid False Claims Act (Tenn. Code Ann. §§ 71-5-181 *et seq.*).

397.    The term "State" as used in this Count shall have the meaning as used in the Tennessee Medicaid False Claims Act, including the State of Tennessee, any employee, officer, or agent of the State of Tennessee, or any contractor, grantee, or other recipient of money or property that is to be spent or used on behalf or to advance a program or interest of the State of Tennessee. (Tenn. Code Ann. § 71-5-182(c)).

398.    Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Tennessee Medicaid False Claims Act (Tenn. Code Ann. § 71-5-182(a)(1)(A)).

399.    Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent

claim, within the meaning of Tennessee Medicaid False Claims Act (Tenn. Code Ann. § 71-5-182(a)(1)(B)).

400.    Defendants' acts and omissions were made knowingly, as defined in the Tennessee Medicaid False Claims Act (Tenn. Code Ann. § 71-5-182(b)(1)-(3)).

401.    Defendants' acts and omissions were material, as defined in the Tennessee Medicaid False Claims Act (Tenn. Code Ann. § 71-5-182(e)).

402.    The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

403.    Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

404.    The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT XXXIII

### Texas Medical Assistance Program, Damages and Penalties

405.    The allegations alleged in the foregoing paragraphs are alleged as though fully set forth in this paragraph.

406.    Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under Texas' Medical Assistance Program, Damages and Penalties (Tex. Hum. Res. Code Ann. § 32.039).

407.    The term "State" as used in this Count shall have the meaning as used in the Texas' Medical Assistance Program, Damages and Penalties law, including the State of Texas, any agency of State government, county, municipality and other entities.

408.    Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of Texas' Medical Assistance Program, Damages and Penalties (Tex. Hum. Res. Code Ann. § 32.039 (b)(1)).

409.    Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Texas' Medical Assistance Program, Damages and Penalties (Tex. Hum. Res. Code Ann. § 32.039).

410.    Defendants' acts and omissions were made knowingly, as defined in Texas' Medical Assistance Program, Damages and Penalties (Tex. Hum. Res. Code Ann. § 32.039(a)(4)).

411.    Defendants' acts and omissions were material, as used in Texas' Medical Assistance Program, Damages and Penalties.

412.    The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

413.    Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

414.    The State is additionally entitled to the maximum civil penalty for each and every violation of the Texas Medical Assistance Program.

## COUNT XXXIV

### Texas Award for Reporting Medicaid Fraud, Abuse, or Overcharges

415.    The allegations alleged in the foregoing paragraphs are alleged as though fully set forth in this paragraph.

416.     Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under Texas' Award for Reporting Medicaid Fraud, Abuse, or Overcharges (Tex. Gov. Code Ann. § 531.101).

417.     The term "State" as used in this Count shall have the meaning as used in the Texas' Award for Reporting Medicaid Fraud, Abuse, or Overcharges, including the State of Texas, any agency of State government, county, municipality and other entities.

418.     Through the acts and omissions described above, Relator is reporting activity that constitutes fraud or abuse of funds in Medicaid and reports overcharges in Medicaid within the meaning of Texas' Award for Reporting Medicaid Fraud, Abuse, or Overcharges (Tex. Gov. Code. Ann. § 531.1011).

419.     The State, unaware of the activities constituting the fraud or abuse, and continues to pay claims that would not be paid but for Defendants' acts and omissions. (Tex. Gov. Code. Ann. § 531.101(a)).

420.     Relator is entitled an award under Tex. Gov. Code. Ann. § 531.101(b), because of the Defendants' acts and omissions which have caused the State to sustain damages, and the State continues to sustain damages, in substantial amount to be determined at trial.

## COUNT XXXV

### Texas Medicaid Fraud Prevention Act

421.     The allegations alleged in the foregoing paragraphs are alleged as though fully set forth in this paragraph.

422.     Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under Texas' Medicaid Fraud Prevention (including actions by private persons) (Tex. Hum. Res. Code Ann. §§ 36.001 *et seq.*).

423.    The term "State" as used in this Count shall have the meaning as used in the Texas' Medicaid Fraud Prevention Act, including the State of Texas, any agency of State government, county, municipality and other entities.

424.    Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of Texas' Medicaid Fraud Prevention (including actions by private persons) (Tex. Hum. Res. Code Ann. § 36.002(6)).

425.    Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Texas' Medicaid Fraud Prevention (including actions by private persons) (Tex. Hum. Res. Code Ann. § 36.002(7)).

426.    Defendants' acts and omissions were made knowingly, as defined in Texas' Medicaid Fraud Prevention (including actions by private persons) (Tex. Hum. Res. Code Ann. § 36.0011(a)-(b)).

427.    Defendants' acts and omissions were material, as defined in Texas' Medicaid Fraud Prevention (including actions by private persons) (Tex. Hum. Res. Code Ann. § 36.001(5-a)).

428.    The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

429.    Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

430. The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT XXXVI

### Vermont False Claims Act

431. The allegations alleged in the foregoing paragraphs are alleged as though fully set forth in this paragraph.

432. Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the Vermont False Claims Act (32 Vt. Stat. Ann. §§ 630 *et seq.*).

433. The term "State" as used in this Count shall have the meaning as defined in the Vermont False Claims Act, including the State of Vermont, any agency of State government, county, municipality and other entities (32 Vt. Stat. Ann. § 630(8)).

434. Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Vermont False Claims Act (32 Vt. Stat. Ann. § 631(a)(1)).

435. Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Vermont False Claims Act (32 Vt. Stat. Ann. § 631(a)(2)).

436. Defendants' acts and omissions were made knowingly, as defined in the Vermont False Claims Act (32 Vt. Stat. Ann. § 630(2)(A)-(B)).

437. Defendants' acts and omissions were material, as defined in the Vermont False Claims Act (32 Vt. Stat. Ann. § 630(3)).

438.    The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

439.    Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

440.    The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT XXXVII

### Virginia Fraud Against Taxpayers Act

441.    The allegations alleged in the foregoing paragraphs are alleged as though fully set forth in this paragraph.

442.    Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the Virginia Fraud Against Taxpayers Act (Va. Code Ann. § 8.01-216.1 *et seq.*).

443.    The term "Commonwealth" as used in this Count shall have the meaning as defined in the Virginia Fraud Against Taxpayers Act, including the Commonwealth of Virginia, any agency of state government, and any political subdivision of the Commonwealth. (Va. Code Ann. § 8.01-216.2).

444.    Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Virginia Fraud Against Taxpayers Act (Va. Code Ann. § 8.01-216.3(A)(1)).

445.    Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent

claim, within the meaning of Virginia Fraud Against Taxpayers Act (Va. Code Ann. § 8.01-216.3(A)(2)).

446.   Defendants' acts and omissions were made knowingly, as defined in the Virginia Fraud Against Taxpayers Act (Va. Code Ann. § 8.01-216.3(C)(i)-(iii)).

447.   Defendants' acts and omissions were material, as defined in the Virginia Fraud Against Taxpayers Act (Va. Code Ann. § 8.01-216.2).

448.   The Commonwealth, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

449.   Because of the Defendants' acts and omissions, the Commonwealth has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

450.   The Commonwealth is additionally entitled to the maximum civil penalty for each and every violation of the Fraud Against Taxpayers Act.

## COUNT XXXVIII

### Washington State Medical Fraud False Claims Act

451.   The allegations alleged in the foregoing paragraphs are alleged as though fully set forth in this paragraph.

452.   Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the Washington State Medical Fraud False Claims Act (RCW § 74.66.005 *et seq.*).

453.   The term "State" as used in this Count shall have the meaning as used in the Washington State Medical Fraud False Claims Act, including the State of Washington, any officer, employee, or agent of a government entity of the State of Washington, or to any

contractor, grantee, or other recipient of money or property to be spent or used on a government of the State of Washington's behalf or to advance a program or interest thereof.

454.     Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Washington State Medical Fraud False Claims Act (RCW § 74.66.020(1)(a)).

455.     Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Washington State Medical Fraud False Claims Act (RCW § 74.66.020(1)(b)).

456.     Defendants' acts and omissions were made knowingly, as defined in the Washington State Medical Fraud False Claims Act (RCW § 74.66.010(7)(a)-(b)).

457.     Defendants' acts and omissions were material, as defined in the Washington State Medical Fraud False Claims Act (RCW § 74.66.010(8)).

458.     The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

459.     Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

460.     The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT XXXIX

### Wisconsin False Claims Act (Repealed July 14, 2015)

461.     The allegations alleged in the foregoing paragraphs are alleged as though fully set forth in this paragraph.

462. Because of the acts and omissions described above, Defendants are liable for treble damages and penalties for violations of the Wisconsin False Claims Act that occurred before July 14, 2015. (Wis. Stat. Ann. § 20.931, repealed July 14, 2015).

463. Under Wisconsin law, the repeal of a statute "shall not remit, defeat or impair any civil or criminal liability for offenses committed, penalties or forfeitures incurred or rights of action accrued under such statute before the repeal thereof...." (Wis. Stat. Ann. § 990.04).

464. The term "State" as used in this Count shall have the meaning as used in the Wisconsin False Claims Act, including the State of Wisconsin, any agency of State government, county, municipality and other entities.

465. Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Wisconsin False Claims Act. (Wis. Stat. Ann. § 20.931(2)(a), repealed July 14, 2015).

466. Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Wisconsin False Claims Act. (Wis. Stat. Ann. § 20.931(2)(b), repealed July 14, 2015).

467. Defendants' acts and omissions were made knowingly, as defined in the Wisconsin False Claims Act. (Wis. Stat. Ann. § 20.931(1)(d), repealed July 14, 2015).

468. The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

469.     Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

470.     The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## PRAYER

WHEREFORE, Relator prays for judgment against Defendants as follows:

471.     That Defendants cease and desist from violating 31 U.S.C. § 3729 *et seq.* and the analogous state laws cited above;

472.     That this Court enter judgment against Defendants in an amount equal to three times the amount of damages the United States and the named plaintiff states have sustained because of Defendants' actions, plus the maximum civil penalties provided for each violation of 31 U.S.C. § 3729 *et seq.*, and the analogous state laws cited above;

473.     That Relator be awarded the maximum amount relators share allowed pursuant to 31 U.S.C. § 3730(d) and the analogous state laws cited above;

474.     That Relator be awarded all costs of this action, including attorney's fees and expenses pursuant to 31 U.S.C. §3730(d) and analogous state laws cited above;

475.     That the United States and plaintiff states be awarded their costs and all other relief provided by law;

476.     For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

477.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Relator hereby demands a jury trial.

Dated: February 8, 2019           BEHN & WYETZNER, CHARTERED

/s/ Linda Wyetzner
By: Linda Wyetzner
lwyetzner@behnwyetzner.com
By: Daniel Hergott
dhergott@behnwyetzner.com
Behn & Wyetzner, Chartered
17 N. State Street, Suite 1600
Chicago, IL 60602
312.629.0000 (Ph)
312.237.4162 (Fax)


THE TERRY LAW FIRM, LTD.

/s/ Tim Terry
By: Tim Terry
tim@theterrylawfirm.com
P.O. Box 2348
Carson City, NV 89702
775-291-9071

SIPRUT PC

/s/ Bruce Howard
By: Bruce Howard
bhoward@siprut.com
By: Michael Chang
Siprut PC
17 North State Street, Suite 1600
Chicago, IL  60602
312.236.0000
Fax: 312.878.1342

## - APPENDIX A -
## STATE FALSE CLAIMS ACTS

| State | Citation |
|---|---|
| California | California False Claims Act (Cal. Gov't Code §§ 12650–12656) |
| Colorado | Colorado Medicaid False Claims Act (Colo. Rev. Stat. Ann. §25.5-4–305-25.5-4-310) |
| Connecticut | Connecticut False Claims Act (Conn. Gen. Stat. §§ 4-274 – 4-289) |
| Delaware | Delaware False Claims and Reporting Act (6 Del. Code Ann. §§ 1201-1211) |
| District of Columbia | District of Columbia False Claim Act (D.C. Code §§ 2-381.01–2-381.10) |
| Florida | Florida False Claims Act (Fla. Stat. §§ 68.081-68.092) |
| Georgia | Georgia Taxpayer Protection False Claims Act (Ga. Code Ann. §§ 23-3-120 to 23-3-127); <br><br> State False Medicaid Claims Act (Ga. Code Ann. §§ 49-4-168—49-4-168.6) |
| Hawaii | Hawaii False Claims Act: False Claims to the State (Haw. Rev. Stat. §§ 661-21–661-29); <br><br> False Claims to the Counties (Haw. Rev. Stat. §§ 46-171–46-179) |
| Illinois | Illinois False Claims Act (740 Ill. Comp. Stat. §§ 175/1-8) |
| Indiana | Indiana False Claims and Whistleblower Protection Act (Ind. Code §§ 5-11-5.5-1–5-11-5.5-18); <br><br> Indiana Medicaid False Claims and Whistleblower Protection Act, Ind. Code §§ 5-11-5.7-1 5-11-5.7-18 |
| Iowa | Iowa False Claims Act (Iowa Code §§ 685.1–685.7) |
| Louisiana | Louisiana Medical Assistance Programs Integrity Law (La. Rev. Stat. Ann. §§ 46:437–46:440) |
| Maryland | Maryland False Health Claims Act (Md. Code Ann. §§ 2-601–2-611) |
| Massachusetts | Massachusetts False Claims Act (Mass. Gen. Laws ch. 12 §§ 5A–5O ) |
| Michigan | Michigan Medicaid False Claims Act, (Mich. Comp. Laws §§ 400.601–400.615) |
| Minnesota | Minnesota False Claims Act, (Minn. Stat. §§ 15C.01–15C.16) |
| Montana | Montana False Claims Act (Mont. Code Ann. §§ 17-8-401—17-8-416) |
| Nevada | Nevada – Submission of False Claims to State or Local Government (Nev. Rev. Stat. Ann. § 357.010–357.250) |
| New Jersey | New Jersey False Claims Act (N.J. Stat. Ann. §§ 2A:32C-1–2A:32C-17) |
| New Mexico | New Mexico Medicaid False Claims Act, N.M. Stat. Ann. §§ 27-14-1–27-14-15 |
| New York | New York False Claims Act (N.Y. State Fin. Law §§187-194) |
| North Carolina | North Carolina False Claims Act (N.C. Gen. Stat. §§ 1-605–1-618) |
| Oklahoma | Oklahoma Medicaid False Claims Act, Okla. Stat. tit. 63 §§ 5053.1–5053.7) |
| Rhode Island | The State False Claims Act (R.I. Gen. Laws §§ 9-1.1–9.1.1-9) |
| Tennessee | Tennessee False Claims Act (Tenn. Code Ann. §§ 4-18-101–108); <br><br> Tennessee Medicaid False Claims Act (Tenn. Code Ann. § 71-5-181–71-5-185) |

| State | Citation |
|---|---|
| Texas | Medical Assistance Program, Damages and Penalties (Tex. Hum. Res. Code Ann. § 32.039);<br><br>Medicaid Fraud Prevention (including actions by private persons), Tex. Hum. Res. Code Ann. §§ 36.001–36.132;<br><br>Award for Reporting Medicaid Fraud, Abuse, or Overcharges (Tex. Gov. Code Ann. §§ 531.101–531.1203) |
| Vermont | Vermont False Claims Act (Vt. Stat. Ann. tit. 32, §§ 630–642) |
| Virginia | Virginia Fraud Against Taxpayers Act (FATA) (Va. Code Ann. §§ 8.01-216.1–8.01-216.19) |
| Washington | Washington State Medicaid Fraud False Claims Act (RCW §§ 74.66.005–74.66.130) |
| Wisconsin | Wis. Stat. § 20.931 *et seq.*, (repealed July 14, 2015) |

## Exhibit List

**Exhibit A:**    Examples of False "Rx" And "Rx Only" Markings from Each Defendant.

**Exhibit B:**    Examples of Some of the Products at Issue.

# EXHIBIT A

# Exhibit A

*False "Rx" and "Rx Only" markings and misleading NDC numbers on Defendants' products and marketing materials.*

## Exeltis USA (formerly Everett Laboratories, Inc.)

- **Select-OB+, 642007530**



- **STROVITE One, 642020790**



- **VITAFOL, 642007212**



- **Vitafol Fe, 642009630**



- **VITAFOL GU, 642012590**



- **Vitafol Nano, 642009430**



- **VITAFOL UL, 642009330**



- **VITAFOL-OB, 642007630, 642007912**



- **VITAFOL-ONE, 642007030**



## Avion Pharmaceuticals Inc.

- **Prenate AM, 75854030730**



- **PRENATE Chewable, 75854030630**



- **PRENATE DHA, 75854031230**



- **Prenate Elite, 75854031430**



- **Prenate Enhance, 75854030930**



- **Prenate Essential, 75854031330**



- **PRENATE Mini, 75854031530**



- **PRENATE Pixie, 75854031630**



- **Prenate Re, 75854030830**



- **Prenate Star, 75854031130**



## Mission Pharmacal Company

- **CITRANATAL 90 DHA, 178082130**



- **CITRANATAL B-Calm, 178083230**



- **Citranatal Rx, 178085890,**



- **Citranatal DHA, 178089430,**



- **Citranatal Harmony, 178079630**

**NDC** 0178-0796-30   **Rx Only**



- **Citranatal Assure, 178089130**



## Sancilio & Company Inc.

- PNV PLUS, 44946104501, 44946104509, 44946104504, 44946104509



- PNV PRENATAL Plus Iron, 44946104105,



- PNV Prenatal Plus Vitamin A, 44946104600



## **Seton Pharmaceuticals**

- **SE-NATAL 19, 13925011601**



- **SE-NATAL 19 Chewable, 13925011701**



- **Se-Tan Plus, 13925011890**



## <u>Trigen Laboratories</u>

- **Complete Natal, 13811001030 (no Rx Only)**



- **Corvita,13811002810**



- **CORVITA 150, 13811006610 (no Rx Only)**



- **Elite OB, 13811002710**



- **FERRAPLUS, 13811001290 (No Rx Only)**



**13811-012-90**

*FerraPlus 90*
*Tablets*
**WITH 90 MG CARBONYL IRON**



**DIETARY SUPPLEMENT**
**90 COATED TABLETS**



- **FOLIVANE-O, 13811053530**



| 13811-535-30 | R<sub>x</sub> Only |

*Folivane*™-OB
*with Ascorbic Acid Precursors*

**PRENATAL MULTIVITAMIN SUPPLEMENT**

**30 CAPSULES**

- **TARON FORTE, 13811004210 (no Rx Only)**

**13811-042-10**
**100 Capsules**



**Taron Forte**
**CAPSULES**

**IRON SUPPLEMENT**
**MULTIVITAMIN/MINERAL**



- **TARON PREX, 13811054330 (no Rx Only)**



- **TARON-C DHA, 13811053630**



- **TARON-PREX, 13811054330 (no Rx only)**



- **TRINATAL Rx 1, 13811000710 (no Rx only)**



- **TRIVEEN DUO, 13811059130**



- **UltimateCare, 13811004930**



- **VemaVite-PRx 2, 13811059830**



- **ZATEAN PLU, 13811058230**



- **ZATEAN-PN, 13811058030**



## US Pharmaceutical Corporation

- **CONCEPT DHA, 52747062130**



- **CONCEPT OB, 52747062030**



- **Provida DHA, 52747050330**



- **PROVIDA OB, 52747050430**



NDC 52747-504-30
30 Capsules

℞ only

*Provida OB* ™

Prenatal Multivitamin & Mineral
Supplement enhanced with
Lactobacillus casei KE-99

Consult package literature for full prescription information. You should contact your healthcare provider for medical advice about adverse events. To report a serious adverse event, contact US Pharmaceutical Corporation, P.O. Box 360465, Decatur, GA 30036. Marketed by US Pharmaceutical Corporation. Manufactured with Vcaps® Plus capsule shells. Store at controlled room temperature 15° to 30°C (59° to 86° F). Keep in a cool, dry place. Manufactured in a FDA registered facility in the USA.

CAUTION: Rx only.                    Rev. 06/2013

Patent Numbers: USA: 6,797,266; 5,626,883; Mexico MX/a/2008/ 004461; Singapore: 200802623-9 and other countries.                    QL-00199

## Vertical Pharmaceuticals, LLC

- **CORVITE FE, 68025006030**



- **CORVITE FREE, 68025003010 (No Rx Only)**



- **OB COMPLETE, 68025001010**



- **OB COMPLETE One, 68025004430**



- **OB COMPLETE DHA, 68025004960**



- **OB COMPLETE PETITE, 68025005930**



- **OB COMPLETE GOLD, 68025006830**



## Virtus Pharmaceuticals

- PNV 29-1, 69543026790



**VIRTUS**
PHARMACEUTICALS

69543-**267**-90

# PNV Tabs 29-1

**PRENATAL/POSTNATAL**

**Prescription Folic Acid-Containing
Dietary Supplement**

**Rx**
**90 Tablets**          Made in the USA

- PREPLUS, 69543025810, 69543025850



**VIRTUS**
PHARMACEUTICALS

69543-**258**-50

# PrePLUS tablet
**(PNV-Ca with *27 mg Fe;*
*1 mg FA)***

PRENATAL / POSTNATAL

Prescription Folic Acid-Containing
Dietary Supplement

**Rx**
**500 Tablets**          Made in USA

- PreTAB Tab, 69543025910



**VIRTUS**
PHARMACEUTICALS

69543-**259**-10

# PreTAB Tablet
**(PNV-Ca with 29 mg Fe; 1 mg FA)**

PRENATAL / POSTNATAL

Prescription Multivitamin
Dietary Supplement

**Rx**
**100 Tablets**          Made in USA

- **Virt Nate, 69543026410**



- **VIRT PN, 69543024190**



- **Virt PN DHA, 69543034030**



- **Virt PN Plus, 69543024330**



69543-**243**-30

# Virt-PN Plus

**PRENATAL/POSTNATAL**

**Prescription Dietary Supplement**

R<sub>x</sub>

**30 Softgels**         Made in USA

- **VIRT-NATE DHA, 69543037030**



69543-**370**-30

# Virt-Nate DHA

**PRENATAL/POSTNATAL**

**Prescription Dietary Supplement
with DHA**

R<sub>x</sub>
**30 Softgels**         Made in Canada

- **VP-HEME OB, 69543023790**



69543-**237**-90

# VP-HEME OB
# Tabs

**PRENATAL/POSTNATAL**

**Prescription Folic Acid-Containing
Dietary Supplement**

R<sub>x</sub>
**90 Tablets**

- **VP PNV DHA Omega, 69543022330**



## Womens Choice Pharmaceuticals LLC

- **NESTABS, 50967021990**



- **NESTABS ABC, 50967030930**



- **NESTABS DHA, 50967031730**



- **NESTABS ONE, 50967041030**



# EXHIBIT B

# Exhibit B

*Products manufactured by Defendants that misrepresent prescription status to CMS.*

## Exeltis USA

| SELECT-OB+DHA |
| --- |
| 642007530 |
| 642007790 |
| 642012090 |
| **STROVITE ONE** |
| 642020790 |
| **VITAFOL** |
| 642007212 |
| **Vitafol Fe+** |
| 642009630 |
| **VITAFOL GUMMIES** |
| 642012590 |
| **Vitafol NANO** |
| 642009430 |
| **VITAFOL ULTRA** |
| 642009330 |
| **VITAFOL-OB+DHA** |
| 642007630 |
| 642007912 |
| **VITAFOL-ONE** |
| 642007030 |

## Avion Pharmaceuticals Inc.

| PRENATE AM |
|---|
| 75854030730 |
| **PRENATE CHEWABLE** |
| 75854030630 |
| **PRENATE DHA** |
| 75854031230 |
| **PRENATE ELITE** |
| 75854031430 |
| **PRENATE ENHANCE** |
| 75854030930 |
| **PRENATE ESSENTIAL** |
| 75854031330 |
| **PRENATE MINI** |
| 75854031530 |
| **PRENATE PIXIE** |
| 75854031630 |
| **PRENATE RESTORE** |
| 75854030830 |
| **PRENATE STAR** |
| 75854031130 |

## Mission Pharmacal Company

| CITRANATAL |
|---|
| 178079630 |
| 178082130 |
| 178083230 |
| 178085890 |
| 178089130 |
| 178089430 |

## Sancilio & Company Inc.

| PNV PRENATAL |
|---|
| 44946104501 |
| 44946104509 |
| 44946104504 |
| 44946104105 |
| 44946104600 |

## Seton Pharmaceuticals

| SE-NATAL 19 |
| --- |
| 13925011601 |
| 13925011701 |
| **SE-TAN PLUS** |
| 13925011890 |

## Trigen Laboratories

| COMPLETE NATAL DHA |
| --- |
| 13811001030 |
| **CORVITA** |
| 13811002810 |
| **CORVITA 150** |
| 13811006610 |
| **ELITE OB** |
| 13811002710 |
| **FERRAPLUS 90** |
| 13811001290 |
| **FOLIVANE-OB** |
| 13811053530 |
| **TARON FORTE** |
| 13811004210 |
| **TARON PREX** |
| 13811054330 |
| **TARON-C DH** |
| 13811053630 |
| **TARON-PREX** |
| 13811054330 |
| **TRINATAL RX1** |
| 13811000710 |
| **TRIVEEN DUO** |
| 13811059130 |
| **ULTIMATECARE ONE** |
| 13811004930 |
| **VERNA VITE PRX2** |
| 13811059830 |
| **ZATEAN PLUS** |
| 13811058230 |
| **ZATEAN-PN PLUS** |
| 13811058030 |

## US Pharmaceutical Corporation

| CONCEPT DHA |
| --- |
| 52747062130 |
| **CONCEPT OB** |
| 52747062030 |
| **PROVIDA DHA** |
| 52747050330 |
| **PROVIDA OB** |
| 52747050430 |

## Vertical Pharmaceuticals, LLC

| CORVITE FE |
| --- |
| 68025006030 |
| **CORVITE FREE** |
| 68025003010 |
| **OB COMPLETE** |
| 68025001010 |
| 68025004430 |
| 68025004960 |
| 68025005930 |
| 68025006830 |

## Virtus Pharmaceuticals

| |
|---|
| **PNV 29-1** |
| 69543026790 |
| **PREPLUS** |
| 69543025810 |
| 69543025850 |
| **PRETAB** |
| 69543025910 |
| **VIRT PN** |
| 69543024190 |
| **Virt PN DHA** |
| 69543034030 |
| **VIRT-NATE** |
| 69543026410 |
| 69543037030 |
| **VIRT-PN PLUS** |
| 69543024330 |
| **VP-HEME OB TABS** |
| 69543023790 |
| **VP-PNV-DHA** |
| 69543022330 |

## Womens Choice Pharmaceuticals LLC

| |
|---|
| **NESTABS** |
| 50967021990 |
| **NESTABS ABC** |
| 50967030930 |
| **NESTABS DHA** |
| 50967031730 |
| **NESTABS ONE** |
| 50967041030 |